Taking; sedimentation, siltation and flowage easement; effect of pretrial concession as to size of easement; valuation. — Plaintiff seeks just compensation for the taking by defendant United States of a perpetual sedimentation, siltation and flowage easement across a tract of land owned by plaintiff. Plaintiff maintains a homesite on property traversed by a creek that originates in the Wenatchee National Forest in Washington. She had improved the homesite by remodeling the existing dwelling, landscaping, and creating two ponds in the creek, one of which was stocked with trout. Plaintiff had used the creek as a domestic water supply but following remodeling had not reconnected the pipes due to sediment in the system. In 1971 the Forest Service entered into a timber sale contract for removal of timber from portions of the Wenatchee National Forest. Logging roads were constructed as required by the contract. In 1972 and again in 1974 one such road became saturated and collapsed into the creek. The suspended silt was carried to and deposited on plaintiffs property, plugging the water system, filling the ponds, killing the fish, and covering the tract with silt when the creek overflowed. Plaintiff removed the deposits on several occasions; however the sedimentation continued and will continue in future years. In response to plaintiffs submissions pursuant to Standard Pretrial Orders on Liability and Damages defendant conceded a constitutional taking. At trial however defendant attempted to show that the dimensions of the easement taken were less than those described in the pretrial concession. Plaintiffs objection to this attempt was sustained. On August 1, 1979 Trial Judge Harry E. Wood filed a recommended opinion establishing the amount of compensation due plaintiff. The trial judge held defendant to its voluntary pretrial concession as to the size of the easement taken. Defendant did not show good cause why the change should be allowed and such a change would seriously prejudice the plaintiff since she had relied on the concession in pretrial preparation. As to the amount of compensation the trial judge held that the plaintiff was entitled to the difference between the fair market value of the tract immediately prior to the taking, and the fair *892 market value of the tract immediately following the taking, plus interest thereon, not as interest, but as a part of just compensation, from the date of taking to the date of payment. In light of conflicting evidence as to the diminution in value the trial judge, considering all relevant evidence, fixed the amount at $19,532. Plaintiff was denied recovery of clean-up costs since no valid ground for recovery had been presented and no representations as to the likelihood of future siltation were made by the Government upon which plaintiff could have detrimentally relied. On October 19,1979 the Court, by order, adopted the recommended decision as the basis for its judgment and remanded the case to the Trial Division for further proceedings pursuant to Rule 131(c) with respect to the amount of recovery pursuant to 42 U.S.C. § 4654 (1976).
By order dated February 1, 1980, the court entered judgment for plaintiff (1) for just compensation of $26,358.84, plus interest at the rate of $4.0134 per day from and after January 28, 1980 to date of payment, and (2) pursuant to 42 U.S.C. § 4654(c)(1976) of $2,582.19, plus 25% of the amount of just compensation due plaintiff to date of payment, for payment for her reasonable attorneys’ fees.